IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
SHELBY COUNTY
CHANCERY COURT
MAR 28 2012
DONNA L. RUSSELL, C&M
TIME: 858 BY: OD

GWENDOLYN WILLIAMS, Mother
and rightful beneficiary of Insured,
ANITA WILLIAMS HORNE,

    Plaintiff,

vs.

STONEBRIDGE LIFE INSURANCE COMPANY,

    Defendant.

No. CH-12-0547-1
Part 1

## COMPLAINT FOR MONEY DAMAGES AND DECLARATORY JUDGMENT

TO THE HONORABLE CHANCELLOR OF THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE, FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:

COMES NOW Plaintiff, Gwendolyn Williams, mother and rightful beneficiary of Insured, Anita Williams Horne, by and through the undersigned attorneys, sues Defendant, Stonebridge Life Insurance Company, and states as follows:

### I. PARTIES

1. Plaintiff, Gwendolyn Williams, is a resident of Shelby County, Tennessee, residing at 365 McFarland Road, Memphis, Tennessee 38109. Plaintiff is the mother and rightful beneficiary of Insured, Anita Williams Horne, who died on April 3, 2011.

2. Defendant, Stonebridge Life Insurance Company, is a corporation organized under the laws of the State of Vermont that is licensed to do business in the State of Tennessee. Defendant's principle place of business is 2700 West Plano Parkway, Plano, Texas 75075, and its registered agent for service of process is Paul S. Kulig, 187 West Street, Rutland, Vermont 05701.



## II. JURISDICTION AND VENUE

3. This action arises from a breach of a life insurance agreement entered into between the Insured, Anita Williams Horne, who was a resident of Shelby County, Tennessee, and Defendant, Stonebridge Life Insurance Company, that required Defendant to pay one-hundred and fifty thousand dollars ($150,000.00) to the Insured's designated beneficiary if the Insured, Anita Williams Horne's, death resulted from accidental bodily injury.

4. On April 3, 2011, Anita Williams Horne suffered multiple gunshot wounds in Shelby County, Tennessee, and on April 3, 2011, she died as a result of these injuries.

## III. FACTS

5. On or about November 17, 1999, Anita Williams Horne entered into a contract with Stonebridge Life Insurance Company for life insurance coverage that included an Accidental Death Benefit Rider. A true and exact copy of this policy is attached hereto as Exhibit "A."

6. The policy provides benefits if the Insured's death resulted directly and independently of all other causes from accidental bodily injury. If such injury occurs, Defendant is required to pay the Insured's designated beneficiary, Plaintiff, Gwendolyn Williams, a sum of one hundred and fifty thousand dollars ($150,000.00).

7. At the time of her death, Insured, Anita Williams Horne, was married to husband, Onzie Horne III, who had a prior history of violent criminal activity, including:

   (a) an aggravated assault charge, on or about November 14, 1994, in Nashville, Tennessee;

(b) a domestic assault charge, on or about May 27, 2008, in Shelby County, Tennessee involving a former girlfriend of three (3) years, who was the victim.

(c) an ex parte order of protection issued on or about November 20, 2008.

8. Throughout the relationship between Insured, Anita Williams Horne, and her husband, Onzie Horne III was known to be verbally abusive to the Insured.

9. On April 2, 2011, the day before Anita Williams Horne's death, Insured visited her father at his home and discussed future plans.

10. In the twenty-four (24) hours prior to Anita Williams Horne's death, her husband, Onzie Horne III, had been angry and upset with her. Late the night of April 2, 2011, or early the morning of April 3, 2011, Onzie Horne III's automobile had broken down while returning from a club in Mississippi. He thereupon called Insured, Anita Williams Horne, to retrieve him. When she retrieved him, Onzie Horne III became angry and upset that she was unable to find him sooner, as she was not familiar with the area in Mississippi/Tennessee where he was located.

11. Following this, the relationship between Insured, Anita Williams Horne and her husband, Onzie Horne III became extremely contentious and further deteriorated in the period thereafter.

12. On April 3, 2011, an officer from the Shelby County Sheriff's Office received a call regarding shots fired with injuries at the residence of the Insured, 7714 Driscoll Street, Memphis, Tennessee 38125.

13. When the Shelby County Sheriff's Department and Emergency Services responded to the scene, officers discovered Insured's husband, Onzie Horne III, and the Insured, Anita Williams Horne, who had suffered two (2) gunshot wounds, one to the right

side of the neck at loose contact range, and one to the right side of the head at contact range.

14. The Insured was given life-saving measures and transported to Methodist Le Bonheur Germantown Hospital. However, upon arrival to the hospital, it was determined that life-saving measures had failed. Anita Williams Horne was pronounced dead April 3, 2011.

15. The Insured's injuries included two (2) gunshot wounds, one to the right side of the neck and one to the right side of the head, which resulted in fatal brain injury and intracranial hemorrhage.

16. On or about April 4, 2011, Insured was transported the Regional Forensic Center for autopsy examination, whereupon it was determined that the cause of death was multiple gunshot wounds, as shown in the Tennessee Department of Health's Report of Investigation by the County Medical Examiner.

17. It is highly improbable that the deceased, Insured, Anita William Horne, had the physical or psychological ability to shoot herself two (2) times, first in the neck and then in the head. Insured would have had to overcome the shock and trauma of a serious wound, endure significant pain and blood loss, and then accurately re-aim the gun in order to fire a second shot to the head.

18. The circumstances surrounding Anita William Horne's death on April 3, 2011 are consistent with the theory of accident.

19. On or about, April 28, 2011, Onzie Horne III submitted a Life Claim Statement to Stonebridge Life Insurance Company wrongfully alleging that he was the beneficiary of Insured's life insurance policy and attempting to collect funds.

20. On or about, April 29, 2011, through May 9, 2011, following Anita Williams Horne's death, several checks were drawn on her personal account at First South Bank of Memphis, Tennessee, allegedly signed by the Insured.

21. Insured's husband, Onzie Horne III, who is unemployed, was the only individual who had access to checks for Insured's account. It is not a joint account, and Onzie Horne III's name is not listed on the account. Insured, Anita Williams Horne, was the sole owner of the account.

22. On or about May 13, 2011, Plaintiff, Gwendolyn Williams, through her attorney, advised Defendant, Stonebridge Life Insurance, that she was contesting the payment of the insurance proceeds to Onzie Horne III.

23. On June 16, 2011, Defendant, Stonebridge Life Insurance, filed a Complaint for Interpleader to determine who was entitled to receive the proceeds of the policy.

24. On February 9, 2012, an Order of Final Judgment was entered into the Chancery Court of Shelby County, Tennessee, denying any and all claims by Onzie Horne III on the Insured's life insurance policy, and naming the Insured's mother, Plaintiff, Gwendolyn Williams, as the rightful beneficiary of the policy's proceeds.

25. On March 13, 2012, Onzie Horne III, through his attorney, filed Notice of Appeal on the February 9, 2012, Order of Final Judgment.

26. The Insured, Anita Williams Horne, was loved and respected by her family, friends, and community. She was very active within her church and known for her kind-heartedness and generosity.

27. The Insured held dual Bachelors' degrees, as well as two Masters' degrees, and was employed by St. Jude's Hospital, where she was considered a valuable, eager, and dedicated employee. She was well-known among other St. Jude employees for her positive disposition.

28. Tennessee has adopted a presumption against suicide, recognizing a natural inclination to respect and preserve one's own life. *Provident Life & Accident Ins. Co. v. Prieto, 169 Tenn. 124 (1937)*.

29. The circumstances of Insured, Anita William Horne's death on April 3, 2011, caused by multiple gunshot wounds, are consistent with the theory of accident and are not sufficiently persuasive to exclude every reasonable conclusion except suicide.

30. As a result of Insured, Anita Williams Horne's death by accidental means, Plaintiff, Gwendolyn Williams, the mother and rightful beneficiary of the Insured, is entitled to the benefit amount of one-hundred and fifty thousand dollars ($150,000.00) for the accidental death of her daughter, Anita Williams Horne.

## IV. CAUSE OF ACTION

31. Defendant, Stonebridge Life Insurance Company, has breached the life insurance coverage agreement by failing to pay Plaintiff, Gwendolyn Williams, the benefit amount of one-hundred and fifty thousand dollars ($150,000.00) as a result of the accidental death of her daughter, the Insured, Anita Williams Horne.

## V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays for the following:

1. A declaratory judgment declaring that Plaintiff, Gwendolyn Williams, is entitled to the accidental death benefit amount of one-hundred and fifty thousand dollars

($150,000.00) arising from the subject insurance policy;

2. Compensatory damages in the amount of one-hundred and fifty thousand dollars ($150,000.00) for breach of contract;

3. Prejudgment interest;

4. Costs of this suit;

5. The Plaintiff's reasonable attorney's fees; and

6. Any and all such further relief as the Court deems equitable, just, and proper.

Respectfully submitted,

*[signature]*

David F. Kustoff #13516
Attorney for Plaintiff, Gwendolyn Williams
22 North Front Street, Suite 660
Memphis, Tennessee 38103
(901) 527-0255

# Stonebridge Life Insurance Company

A STOCK COMPANY
Home Office: Rutland, Vermont
Administrative Office: 2700 West Plano Parkway
Plano, TX 75075-8200

## CERTIFICATE OF INSURANCE

Person(s) insured and Schedule of Insurance are shown on the Schedule Page. Place the Schedule Page with your Certificate for safekeeping.

Stonebridge Life Insurance Company (herein called "we," "us" or "our") has issued Policy No. 25496 GC267 to  J. C. PENNEY CORPORATION, INC. (the J. C. Penney Credit Cardholder Group)  (herein called "Policyholder") which makes available term life insurance for eligible persons.

We agree to pay the benefits herein provided with respect to the person(s) insured hereunder, subject to all terms of the Policy.

**RIGHT TO EXAMINE CERTIFICATE**

If you are not satisfied with this insurance, you may void it by returning this Certificate within 60 days after you receive it to our Administrative Office. You will receive a full refund of any premium you have paid.

This Certificate supersedes any Certificate previously issued to you under the Policy. You and any Covered Person may qualify under one Certificate only. If any person is insured under more than one Certificate, we will consider that person to be insured under the Certificate which provides the greatest amount of coverage. Upon discovery of the duplication, we will refund any duplicated payments which may have been made on behalf of that person. The records maintained by the Policyholder shall determine the insurance provided under the Policy for any insured. Important provisions of the Policy are outlined herein.

_Craig D. Vermie_
Secretary

_Marlyn Carp_
President

| INSURED: | CERTIFICATE NUMBER: |
|---|---|
| ANITA M WILLIAMS-HORNE<br>4747 GREYBRIAR DR<br>MEMPHIS TN 38125-4178 | 74LQ4E0340 |

GROUP TERM LIFE INSURANCE

GC267                                    PAGE 1

Claims File0001

## DEFINITIONS

INSURED (herein called "you," "your," or "yours") means you, the Insured named on the Schedule Page, and whose coverage has become effective.

LOSS means Loss of life.

CERTIFICATE EFFECTIVE DATE means the date your coverage begins, as shown on the Schedule Page, provided you are alive on that date.

CERTIFICATE EXPIRATION DATE means the Certificate anniversary date on or after your 65th birthday, as shown on the Schedule Page.

## WHEN YOUR INSURANCE BEGINS

You shall not have coverage unless an enrollment form, if required, and premium have been received and approved by the Company prior to any Incurred Loss. Your coverage will become effective on the Certificate Effective Date shown on the Schedule Page provided we receive the Initial premium within 21 days of the Certificate Effective Date and while you are alive. Certificate anniversaries shall be measured annually from the Certificate Effective Date.

## WHEN YOUR INSURANCE ENDS

Your insurance ends on the earlier of:

1. the last day of the period covered by your last premium contribution; or
2. the Certificate anniversary date on or after your 65th birthday.

You may cancel your coverage upon notice to us. Notice is deemed given when made in writing, communicated verbally by telephone or in person, or by any other means acceptable to us.

## COVERAGE

This Certificate provides renewable term coverage with level premiums guaranteed for the first five (5) years.

If you die while this Certificate is in force, we will pay the Insurance Benefit stated on the Schedule Page.

At the end of the initial 5 year period, you may renew this Certificate for additional 5 year periods subject to, but not beyond, the Certificate Expiration Date, with renewal rates based on your attained age at the time of renewal.

## RENEWAL CONDITIONS

You may keep this Certificate in force until the Certificate anniversary date on or after you reach age 65. Prior to that time, we do not have the right to:

1. cancel your Certificate; or
2. place any restriction on your coverage while it is in force; or
3. refuse a premium paid on or before the due date or within the Grace Period.

Premiums will remain level for the first 5 years. At the end of the Initial 5 year period, you may renew this Certificate for additional 5 year periods subject to, but not beyond, the Certificate Expiration Date, with renewal rates based on your attained age at the time of renewal. Renewal premiums are due on the first day of each renewal period. Your coverage will expire if premium is not paid on or before the end of the Grace Period.

## SUICIDE

Suicide, while sane or insane, within two years (one year for residents of Colorado and North Dakota) of the Certificate Effective Date is a risk not assumed by us. In such event, we will limit the amount payable to the total premium paid under this Certificate.

## BENEFICIARY

Unless you specify otherwise, any amount due for Loss of life will be paid as follows:

At your death, it will be paid to your lawful spouse, if living; otherwise, equally to your then living lawful children, if any, (including step-children and adopted children); otherwise, equally to your then living parents or parent; otherwise, to your estate.

Any payment made under this section will fully release us to the extent of the payment. The beneficiaries designated may be changed in accordance with the Change of Beneficiary provision subject to the community property laws in your state of residence.

## CONVERSION

Upon written request, your coverage, while in force and premiums are being paid, may be converted when you reach age 65. It may be converted without medical exam or other evidence of insurability. The conversion must be to any form of individual permanent life insurance issued by us on the date of conversion. The amount of new coverage must not be less than our minimum then required for the plan selected. It will be at the premium rate then in effect for your attained age based on the new policy. The new policy will be at the same premium class as your Certificate. It must be for an amount equal to or less than the amount of this Certificate.

## GENERAL PROVISIONS

**ENTIRE CONTRACT**

Your Certificate is furnished in accordance with and subject to the terms of the Policy. It is not part of the Policy but evidence of the insurance provided under the Policy. The Policy, the application of the Policyholder, and any papers attached by us to any such documents constitute the entire contract. All statements made by you or the Policyholder shall be deemed representations and not warranties. No statement made by you shall be used in any contest or in defense of a claim hereunder unless a copy of the instrument containing the statement is or has been furnished to you or to your beneficiary. No agent may change or waive any provisions of the Policy under which this coverage is provided.

**INCONTESTABILITY**

All statements made in the enrollment form will be deemed representations and not warranties. No statement will be used to void this Certificate or be used in defense of a claim unless it is in the enrollment form.

We cannot contest this Certificate after it has been in force during the Insured's lifetime for two years from the Certificate Effective Date or the effective date of reinstatement, except for fraud or for not paying premiums.

**CHANGE OF BENEFICIARY**

You may change the beneficiary at any time by writing to us at 2700 West Plano Parkway, Plano, TX 75075-8200 or to the Policyholder. Once we record the change, it will take effect as of the day you signed the request, subject to any claim payment made before such recording. The consent of the beneficiary is not needed for the change, unless the beneficiary designation was irrevocable.

**PAYMENT OF PREMIUM**

All premiums due by the terms of the Policy shall be paid by the Policyholder to our Administrative Office on or prior to the day they are due.

For the first 2 months of coverage, the premium will be paid by the Policyholder.

You are required to contribute 100 percent of the premium payable under this Certificate after the first 2 months. If at any time the Policyholder refuses to accept such contributions and pay the premium for you, you may pay such premium directly to our Administrative Office on or prior to the day it is due.

Claims File0003

### GRACE PERIOD

If a premium is not paid when due, the insurance shall be in default. We will allow a 31 day Grace Period to pay each premium after the first one. If a premium is not paid on or before the end of the Grace Period, the insurance shall terminate.

### REINSTATEMENT

This Certificate may be put back in force after it has lapsed. We will do so subject to all of the following:

1. A written request is received within 5 years of the due date of the unpaid premium;
2. The Policy has not expired;
3. Evidence of insurability is acceptable to us;
4. All past due premiums are paid; and
5. Interest is paid on all past due premiums with interest at 6% per year, compounded annually.

The Incontestability period will start again on the effective date of Reinstatement.

### NOTICE OF CLAIM

Written Notice of Claim must be given to us within 30 days after Loss covered under the Policy occurs or as soon as possible thereafter. The notice should give your name and Certificate number as shown on the Schedule Page. Notice should be mailed to us at P.O. Box 869090, Plano, Texas 75086-9916.

### CLAIM FORMS

When we receive the Notice of Claim, we will send the claimant forms for filing Proof of Loss. If we do not send the forms within 15 days, the claimant can meet the Proof of Loss requirement by providing us with a written statement describing what happened. We must receive this statement within the time given for filing Proof of Loss.

### PROOF OF LOSS

A certified copy of the death certificate showing the date and cause of death must be given to us within 90 days after the date of the Loss or as soon as possible thereafter. Proof must, however, be furnished no later than one year from the time it is otherwise required, except in the absence of legal capacity.

### MISSTATEMENT OF AGE, GENDER OR TOBACCO USE

If your age, gender and/or use of tobacco has been misstated, the benefits will be those which the premiums paid would have bought for the correct age, gender and/or tobacco use. If you would have been ineligible for coverage had the correct information been shown on the enrollment form at the time coverage became effective, we will return all of the premium contributions paid.

### TIME OF PAYMENT OF CLAIMS

We will pay all benefits covered by the Policy as soon as we receive proper written Proof of Loss sufficient to determine liability.

### PAYMENT OF CLAIMS

Benefits are payable in accordance with the beneficiary designation in effect at the time of payment.

### AUTOPSY

At our own expense, we may have an autopsy done where it is not forbidden by law.

### LEGAL ACTIONS

No action can be brought to recover on the Policy for at least 60 days after written Proof of Loss has been furnished. No such action shall be brought more than 3 years after the date Proof of Loss is required.

Claims File0004

# STONEBRIDGE LIFE INSURANCE COMPANY

## SCHEDULE PAGE

This Schedule Page is part of your Certificate. It supersedes any Schedule Page bearing an earlier Effective Date Issued under Master Policy No. _____ 26496 GC267 _____
to __J. C. PENNEY CORPORATION, INC. (the J. C. Penney Credit Cardholder Group)__.

TERM LIFE INSURANCE TO CERTIFICATE ANNIVERSARY FOLLOWING AGE 65

CERTIFICATE NUMBER: 74LQ4E0340.          CERTIFICATE EFFECTIVE DATE:   11-17-99

                                         CERTIFICATE EXPIRATION DATE:  11-17-36

INSURED: ANITA M WILLIAMS-HORNE
         4747 GREYBRIAR DR
         MEMPHIS TN 38125-4178

ISSUE AGE: 28                            INSURANCE BENEFIT:    $75,000

GENDER: FEMALE

PREMIUM CLASS: NON-TOBACCO USER

MONTHLY PREMIUM FOR THE FIRST 5 YEARS: $13.00

PREMIUM CONTRIBUTION: 100% AFTER THE FIRST TWO MONTHS.

THE PREMIUM AMOUNT LISTED ABOVE INCLUDES THE PREMIUMS
FOR YOUR BASIC COVERAGE AND ATTACHED RIDER(S).

Visit us online at www.stonebridge-jcp.com

GC267                          PAGE 5

# Stonebridge Life Insurance Company

Administrative Office: 2700 West Plano Parkway, Plano, Texas 75075

## GROUP ACCIDENTAL DEATH BENEFIT RIDER

### BENEFIT SCHEDULE

INSURED:

ANITA M WILLIAMS-HORNE
4747 GREYBRIAR DR
MEMPHIS TN 38125-4178

$150,000   ACCIDENTAL DEATH BENEFIT

EFFECTIVE DATE OF COVERAGE: 11-17-1999

| Total Additional Premium: | Attached to Certificate No.: |
|---|---|
| INCLUDED IN SCHEDULE PAGE PREMIUM | 74LQ4E0340 |

The consideration for this Rider is (1) receipt of the signed enrollment form, if required, (2) acceptance of the applicant, and (3) payment of the premium. The additional premium is listed above in the Benefit Schedule. Premiums are to be paid in the same manner and at the same time as the Certificate.

### ACCIDENTAL DEATH BENEFIT

We will pay to the beneficiary an Accidental Death Benefit in the amount shown in the Benefit Schedule upon receipt at our Administrative Office of due proof of the Insured's death. The Insured's death must have resulted directly and independently of all other causes from accidental bodily injury. The accident causing such injury must occur after the Effective Date of Coverage shown in the Benefit Schedule. Death must occur within 90 days following the date of the accident which caused such injury.

### EXCLUSIONS

No benefit shall be paid for death or injury that:

1. is intentionally self-inflicted, while sane or insane;
2. is due to a war or act of war, whether declared or not;
3. occurs while the Insured is taking or using any narcotic, barbiturate or any other drug, unless taken or used as prescribed by a Physician;
4. is caused by or results from the Insured's blood alcohol level being .10 percent weight by volume or higher;
5. occurs while the Insured is acting either as a pilot or crew member or while a passenger, other than a fare-paying passenger, in any aircraft;
6. occurs while the Insured is committing or attempting to commit an assault or felony; or
7. is due to disease, bodily or mental infirmity, or medical or surgical treatment of these.

GR814                                    Page 1

## GENERAL PROVISIONS

### AUTOPSY

At our own expense, we may have an autopsy done where it is not forbidden by law.

### TERMINATION

This Rider shall terminate for any of the following reasons:

1. non-payment of any premium for the Certificate or this Rider before the due date, except as provided in the Grace Period; or
2. the date the Certificate terminates.

The Insured may cancel this Rider upon notice to us. Notice is deemed to be due or given when made in writing or communicated verbally by telephone, in person, or by any other means acceptable to us.

This Rider takes effect on the date entered hereon or on the Certificate Change Endorsement after receipt and validation of the signed enrollment form. It expires at the same time as the certificate. This Rider is subject to all of the Certificate provisions, definitions, conditions, exclusions, limitations, exceptions, and reductions not in conflict herewith.

The Stonebridge Life Insurance Company has caused this Rider to be signed by its President and Secretary.

_____
Secretary

_____
President

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**robert.walker@tn.gov**

May 10, 2012

Stonebridge Life Insurance Company
4333 Edgewood Rd, Ne, M S 3510, % C. Ve
Cedar Rapids, IA  52499
NAIC # 65021

Certified Mail
Return Receipt Requested
7011 0470 0000 5069 6369
Cashier # 2539

Re:   Gwendolyn Williams  V.  Stonebridge Life Insurance Company

Docket # 12-05471          CH-12-0547-1

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served April 02, 2012, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Joe Walker
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Shelby County
    140 Adams Street, Rm 308
    Memphis, Tn 38103

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT AT MEMPHIS | SUMMONS | DOCKET NUMBER CH- 12-0547-1 |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| GWENDOLYN WILLIAMS | STONEBRIDGE LIFE INSURANCE COMPANY |

**TO: (NAME AND ADDRESS OF DEFENDANT)**

Stonebridge Life Insurance Company

PLEASE SERVE THROUGH TENNESSEE COMISSIONER OF INSURANCE

Regarding Insured, Anita Williams Horne
Policy Number # 74LQ4E0340

Method of Service:
- [ ] Certified Mail
- [ ] Shelby County Sheriff
- [X] Comm. Of Insurance*
- [ ] Secretary of State*
- [ ] Out of County Sheriff*
- [ ] Private Process Server
- [ ] Other

*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your answer to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your answer with the Clerk of the Court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default can be rendered against you for the relief sought in the complaint.

**Attorney for plaintiff or plaintiff if filing Pro Se:**
(Name, address & telephone number)

David F. Kustoff
22 North Front Street, Suite 660
Memphis, Tennessee 38103
(901) 527-0255

ISSUED 28 of March, 20 12

Donna L. Russell, Clerk and Master

By: _____
Deputy Clerk & Master

| TO THE SHERIFF: | Came to hand _____ day of _____, 20 _____ |
|---|---|
| | **Sheriff** |

**Submit one original and one copy for each defendant to be served.

! Questions regarding this summons and the attached documents should be addressed to the Attorney listed above.

For ADA assistance only, call (901)379-7895

09/18/07

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____      ☐ Not Found _____
☐ Not Served _____      ☐ Other _____

| DATE OF RETURN: This ____ day of _____, 20____. | By: _____ <br> Sheriff/or other authorized person to serve process |
|---|---|

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the ____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the defendant _____. On the ____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the ____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this ____ day of _____, 20___. <br> Signature of ____ Notary Public or ____ Deputy Court Clerk <br><br> My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
140 Adams Ave.
Room 308
Memphis, TN 38103

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master <br> By: _____ |
|---|---|

09/18/07